## CIRCUIT COURT OF ALLEGHANY COUNTY

James P. Bryan et al.

   v.

Ray L. Wright et al.

February 16, 1981

Case No. 1826

By JUDGE ROSCOE B. STEPHENSON, JR.

This is a suit by the Bryans (sometimes referred to as "the purchasers") against Wright (sometimes referred to as "the seller") to recover the sum of $3,350.00 which was paid by the purchasers as a down payment deposit at the time they entered into the contract which is the subject of this litigation. The seller denies the Bryans are entitled to recover said sum, and by his counterclaim he alleges the Bryans defaulted under said contract and that he is entitled to resulting damages of $1,401.50.

The facts are undisputed. The seller and the purchasers executed a written contract whereby Wright agreed to sell and the Bryans agreed to purchase a certain house and lot for the price of $67,000.00. At the time the contract was executed, the purchasers deposited with the realtor the sum of $3,350.00, and the contract provided that "such deposit shall be held by realtor in escrow until the date of settlement and then be applied to the purchase price, or returned to the purchaser if the title to the property is not marketable." The contract further provided that if either party defaults "such defaulting party shall be liable for the cash fee of realtor and any expenses incurred by the non-defaulting party in connection with this transaction." The contract was dated September 16,

1979, and it provided for a closing date of November 19, 1979. The subject real property was owned by Wright and his wife, as tenants by the entireties with the right of survivorship. Mrs. Wright was not a party to the contract. The seller agreed to convey the property with general warranty of title and with the English covenants of title, free and clear of all liens and encumbrances.

Prior to the agreed closing date, the purchasers, due to a change in their circumstances, advised the seller that they desired to be released from the contract. When the seller advised them that he intended to hold them to the contract, the purchasers, on advice of counsel, informed the seller that they were rescinding and canceling the contract because it did not contain the signature of Mrs. Wright.

The purchasers contend that they had the right to rescind the contract and that they should recover the deposit of $3,350.00 because Wright did not own the subject property when the contract was executed and lacked the capacity to convey good title.

The seller contends that the purchasers had no right to rescind and that they are entitled to enforce the provision in the contract respecting default.

Generally, the fact that a seller in a contract for the sale of land does not have the capacity to convey good title at the time the contract is made does not invalidate the contract or affect the seller's right to damages for breach of contract if the seller acquired the capacity to convey good title at the time fixed for delivery of the deed. *Waskey* v. *Thomas*, 218 Va. 109, 235 S.E.2d 346 (1977); *Jennings* v. *Realty Developers, Inc.*, 210 Va. 476, 171 S.E.2d 829 (1970); *Mundy* v. *Garland*, 116 Va. 922, 83 S.E. 491 (1914). This rule, however, is subject to certain exceptions. One exception is where the seller "not only had no present capacity to convey but also had no legal power to attain the capacity to convey before the date fixed for delivery of the deed." *Waskey* v. *Thomas, supra*, 218 Va. at 113, 235 S.E.2d at 349.

In both *Jennings* and *Mundy* the seller had the legal means to acquire the capacity to convey good title at the time of delivery of the deed. In *Waskey*, as well as in the present case, the seller had no such legal power.

The court is of opinion that the present case is governed by the exception recognized in *Waskey* rather than by the general rule which applies to a factual situation as found in *Jennings* and *Mundy*.

Accordingly, the plaintiffs are granted judgment for $3,350.00 against the defendant.